# Uniti Fiber Fax Service

## FAX **DELIVERY** NOTIFICATION

Account: FB9857486746
12/30/2021 12:01:55 PM

The following fax was **successfully** sent to the specified recipient.

**Fax Number:**      **18886707025**
Remote CSID:      HFR (station ID of receiving fax device)
Pages:            1
Status:           No errors

## FAX TRANSMISSION DETAILS

Sent On:      12/30/2021 12:02:54 PM
Duration:     60 seconds
Speed:        14400 bps
Retries:      0
Event ID:     ae85065d-bff4-4540-85eb-6a470b6df68a





## FAX FILING CONFIRMATION

KEVIN P LANCASTER

VS

RONALD D KRUMVIEDE



**CLERK OF COURT**

DOCKET NUMBER: C-20210003521
*Division:* B
*21st Judicial District Court*
*Parish of Tangipahoa*
*State of Louisiana*

*DECEMBER 30, 2021*

Attn: *STEPHEN M ALEXANDER*
Fax Number: 888-670-7025

*We have received your fax filing on 12/29/2021 of the following pleadings:*

| | |
|---|---|
| 1003-PETITION-DAMAGES | 6 PAGES |
| 5134-REQUEST FOR ADMISSION | 8 PAGES |
| 5013-REQUEST FOR NOTICE | 1 PAGE |
| 59-COVER LETTER | 1 PAGE |

Cost of filing said document will be $425.00.

*Within 7 days, exclusive of legal holidays, of the above mentioned receipt date you are required to forward the following:*
a.    Original signed document
b.    Applicable filing fee
c.    Transmission fee of $5.00 (included in above filing fee)
d.    If exhibits are to accompany the original pleading(s) mentioned above, please add $2.00/ page to the above fee.
*If you fail to comply with the requirements above the fax filing shall have no force or effect (R.S. 13:850)*

*NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.*

*SERVICES/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).*

*IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENT(S) IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.*

*Please remit additional separate check(s) made payable to and in the amount requested below:*

Please send an additional check for the Sheriff of EAST BATON ROUGE PARISH  in the amount of $39.36    along for service.

Please send an additional check for the SECRETARY OF STATE in the amount of  $50.00    along for service.

Please send an additional check for the Secretary of State in the amount of    along for service.

*Marsha Casanova*
Deputy Clerk of Court for
*GARY STANGA,* Clerk of Court

# CIVIL E-FILING IS AVAILABLE
# VISIT WWW.CLERKCONNECT.COM

ELECTRONICALLY
FILED

2021 000321

NUMBER                    DIVISION

KEVIN P. LANCASTER

VERSUS                                                    21ST JUDICIAL DISTRICT COURT

RONALD D. KRUMVIEDE, TRANS GLOBE        TANGIPAHOA PARISH
LOGISTICS AMERICA, INC., and SENTRY
SELECT INSURANCE COMPANY                STATE OF LOUISIANA

### PETITION FOR DAMAGES AND JURY DEMAND

The petition of **KEVIN P. LANCASTER** represents as follows:

1.

Petitioner **KEVIN P. LANCASTER** ("**LANCASTER**") is a person of the full age of

majority who is a resident and domiciliary of St. James Parish, Louisiana.

2.

Defendants herein are:

A.   **RONALD D. KRUMVIEDE** ("**KRUMVIEDE**"), a person of the full age of
     majority, who is a resident of Iowa and domiciled at 306 S. Prospect Street,
     Maquoketa, IA 52060;

B.   **TRANS GLOBE LOGISTICS AMERICA, INC.** ("**TRANS GLOBE**"), a New
     York, doing business in Louisiana, which may be served through its agent for
     service of process:  Brian N. Lewandowski, Lewandowski & Associates, 721
     Center Road, West Seneca, NY 14224; and

C.   **SENTRY SELECT INSURANCE COMPANY** ("**SENTRY**"), a foreign
     insurance company authorized to do business in Louisiana, which may be served
     through its agent of service located in East Baton Rouge Parish:  Honorable Kyle
     Ardoin, Louisiana Secretary Of State, 8585 Archives Avenue, Baton Rouge, LA
     70809; **SENTRY** is being sued as the motor vehicle liability insurer of Defendants,
     **KRUMVIEDE and TRANS GLOBE**.

3.

Jurisdiction and venue are proper pursuant to Article 74 of the Louisiana Code of Civil

Procedure as the defendants are being sued in Tangipahoa Parish, which is the parish where the

wrongful conduct alleged in this petition occurred.

4.

On January 7, 2021, there was a motor vehicle collision on US Hwy 190 W near the North

Bound Ramp of I-55 in Hammond, Louisiana, which is in Tangipahoa Parish.  The collision

involved two (2) vehicles, namely a 2004 Kenworth tractor and trailer driven by Defendant

**KRUMVIEDE** and a 2020 Chevrolet Silverado driven and owned by Petitioner **LANCASTER**;

the 2004 Kenworth tractor/trailer driven by Defendant **KRUMVIEDE** was owned by Defendant

**TRANS GLOBE**.  **LANCASTER** and **KRUMVIEDE** were traveling east on US Hwy 190 W at

about the same time and place, where **LANCASTER** was traveling in the left lane of US Hwy 190 W and **KRUMVIEDE** was traveling in the right lane of US Hwy 190 W, when **KRUMVIEDE** suddenly, negligently, and without warning attempted to turn left across the left lane of US Hwy 190 W, which was already occupied by the **LANCASTER** vehicle, to make a U-turn from US Hwy 190 W. **KRUMVIEDE** rammed the left front side of the 2004 Kenworth tractor into the right front side of the **LANCASTER** vehicle. The investigating officer determined that the primary factors for the collision were the careless operation of the 2004 Kenworth tractor/trailer by **KRUMVIEDE** and his inattentive condition. **KRUMVIEDE** admitted that he did not see the **LANCASTER** vehicle when he attempted to make to make a U-turn across US Hwy 190 W. The investigating officer issued citation CPI100274 to **KRUMVIEDE** for the violation of La. R.S. 32:58—careless operation. The collision caused moderate damage to the right front side of the **LANCASTER** vehicle, which was not driveable, and caused moderate damage to the left front passenger side of the 2004 Kenworth tractor driven by **KRUMVIEDE**. The investigating officer found **LANCASTER** violated no traffic laws regarding the subject collision.

5.

The subject collision and resulting injuries and damages of Petitioner **LANCASTER** were caused solely and proximately by the negligence and/or fault of Defendant **KRUMVIEDE**, said negligence and/or fault consisting of, but not limited to, the following:

    A.    Turning left from the wrong lane and crashing into Petitioner's vehicle;

    B.    Failure to Yield;

    C.    Failure to see what he should have seen and if seen, in failing to heed;

    D.    Failure to exercise reasonable care;

    E.    Failure to act as a reasonable person under the same or similar circumstances;

    F.    Failing to keep a proper lookout;

    G.    Failure to maintain proper control of his vehicle;

    H.    Failure to take sufficient measures to prevent the impact with Petitioner's vehicle;

    I.    Failing to have his vehicle under control so as to keep it from striking Petitioner's vehicle;

    J.    Failing to steer his vehicle properly to avoid striking Petitioner's vehicle;

    K.    Failure to exercise a degree of care commensurate with the existing circumstances as the time of the collision with Petitioner's vehicle;

L. Being inattentive and/or distracted;

M. Failure to observe and obey traffic laws governing the operation of motor vehicles; and

N. All other acts of negligence and/or fault to be proven at the trial of this matter.

6.

The subject collision was not caused or contributed to by any act or omission on the part of Petitioner **LANCASTER**.

7.

Petitioner **LANCASTER** sustained physical and mental injuries as a direct consequence of the subject collision, including, but not limited to, bodily injuries, pain in the neck, pain in the back, cervical injuries, thoracic injuries, lumbar injuries, ligament injuries, muscle injuries, spinal injuries, and chest injuries; as well as all other damages proven at the trial of this matter.

8.

Petitioner **LANCASTER** is entitled to recover damages for the following:

A. Past, present and future physical pain and suffering, and inconvenience;

B. Past, present and future mental pain and suffering, anxiety and embarrassment;

C. Past, present, and future doctor, hospital, physical therapy, mental therapy, and medical care provider expenses;

D. Past, present and future cost of rehabilitation;

E. Functional and anatomical disability;

F. Loss of enjoyment of life;

G. Disfigurement;

H. Inability to engage in and enjoy personal, social and recreational activities;

I. Past, present and future lost earnings and lost earning capacity; and

J. Any and all other damages to be proven at the trial of this matter.

9.

Petitioner **LANCASTER** has incurred and will continue to incur significant medical expenses to diagnose and treat the injuries sustained as a direct consequence of the subject collision caused by Defendant **KRUMVIEDE**.

10.

The vehicle being driven by Defendant **KRUMVIEDE** was owned by Defendant, **TRANS GLOBE**, and was being driven by **KRUMVIEDE** while in the course and scope of his

employment with **TRANS GLOBE** at the time of the subject accident; therefore, **KRUMVIEDE** and **TRANS GLOBE** are liable jointly and *in solido* for all injuries and damages sustained by Petitioner **LANCASTER** in connection with the above-described collision caused by the negligence and/or fault of **KRUMVIEDE**, for whom **TRANS GLOBE** is responsible through the doctrine of *respondeat superior* under La. CC Arts. 2317 and 2320.

11.

At the time of the accident, Defendant **KRUMVIEDE** was covered by a policy of motor vehicle liability insurance, including a policy issued by Defendant **SENTRY** (believed to bear Policy Number A0031351001), insuring against the negligence, fault and/or liability of Defendants, **KRUMVIEDE and/or TRANS GLOBE,** that was in full force and effect at the time of the accident and which insurance inures to the benefit of Petitioner **LANCASTER** under the provisions of the Louisiana Direct Action Statute, R.S. 22:1269.

12.

Under the terms of the said policy, **SENTRY** obligated itself to pay any and all damages caused to others as a result of the negligence, fault and/or liability of Defendants, **KRUMVIEDE and/or TRANS GLOBE,** in the operation of said vehicle; and, the vehicle being driven by **KRUMVIEDE**, described above, was covered by said policy at the time of said collision.

13.

**SENTRY** is therefore liable *in solido* with Defendants, **KRUMVIEDE and TRANS GLOBE,** unto Petitioner **LANCASTER** for his injuries and damages arising from the subject collision as well as all claims and causes of action cited herein.

14.

Pursuant to the provisions of La. C.C.P. art. 1423, *et seq.,* Petitioner **LANCASTER** is entitled to a certified copy of any insurance policy issued to and/or otherwise insuring Defendants, **KRUMVIEDE and/or TRANS GLOBE,** including the policy issued by Defendant **SENTRY,** for the claims made by Petitioner herein. Petitioner herein requests a certified copy of any and all such policies of insurance be provided to Petitioner within thirty (30) days of service of the Petition upon Defendants.

15.

Petitioner **LANCASTER** demands damages from Defendants as are reasonable and appropriate in the premises for the injuries and losses sustained by Petitioner.

**JURY DEMAND**

16.

Petitioner **LANCASTER** hereby demands that all issues be tried by jury.

**WHEREFORE**, Petitioner herein, **KEVIN P. LANCASTER**, prays as follows:

A.    That Defendants, **RONALD D. KRUMVIEDE, TRANS GLOBE LOGISTICS AMERICA, INC., and SENTRY SELECT INSURANCE COMPANY**, be served with a copy of this Petition;

B.    For Judgment herein in favor of Petitioner, **KEVIN P. LANCASTER**, and against the Defendants, **RONALD D. KRUMVIEDE, TRANS GLOBE LOGISTICS AMERICA, INC., and SENTRY SELECT INSURANCE COMPANY**, jointly, severally, and *in solido*, for compensatory damages in an amount to be determined by this Honorable Court that will fully and adequately satisfy the demands of justice and equity, together with legal interest thereon from date of judicial demand, until paid;

C.    For all costs of these proceedings, including witness fees, expert witness fees, costs of the clerk and sheriff, costs of taking depositions, and all other costs allowed by this Honorable Court to be cast against Defendants, **RONALD D. KRUMVIEDE, TRANS GLOBE LOGISTICS AMERICA, INC., and SENTRY SELECT INSURANCE COMPANY**, jointly, severally, and *in solido*; and

D.    For all other relief, both general and equitable, which is necessary and proper in the premises.

Respectfully submitted,

Stephen M. Alexander (LSBA #29066)
**ALEXANDER LAW GROUP, LLC**
8550 United Plaza Boulevard, Suite 702
Baton Rouge, LA 70809
P.O. Box 41860
Baton Rouge, LA 70835
225-922-4488 (Office)
888-670-7025 (Fax)
225-229-4512 (Mobile)
E-mail: stephen@alexander.com

**AND**

Charles S. Lambert, Jr. (LSBA# 21685)
LAW OFFICES OF CHARLES S. LAMBERT, JR., LLC
10537 Kentshire Court, Suite A
Baton Rouge, Louisiana 70810
Phone: (225) 367-1073
Fax: (225) 304-5732
Mobile: (225) 405-0660
E-mail: chip@grandlawfirm.com

**ATTORNEYS FOR PETITIONER, KEVIN P. LANCASTER**

# SERVICE INSTRUCTIONS

PLEASE SERVE THE CITATION AND PETITION FOR DAMAGES, WITH PLAINTIFF'S DISCOVERY CONTEMPORANEOUSLY FILED, ON THE FOLLOWING DEFENDANTS:

1.   SENTRY SELECT INSURANCE COMPANY
     Through its agent for service of process:
          Honorable Kyle Ardoin
          Louisiana Secretary Of State
          8585 Archives Avenue
          Baton Rouge, LA 70809
          **East Baton Rouge Parish**

THE CITATION AND SERVICE OF THE PETITION FOR DAMAGES WILL BE SERVED ON THE FOLLOWING DEFENDANT(S), WITH THE DISCOVERY CONTEMPORANEOUSLY FILED, IN ACCORDANCE WITH THE LOUISIANA LONG ARM STATUTE, LA. R.S. 13:3201, *ET SEQ.*, AS SET FORTH BELOW:

2.   RONALD D. KRUMVIEDE
     306 S. Prospect Street
     Maquoketa, IA 52060

3.   TRANS GLOBE LOGISTICS AMERICA, INC.
     Through its agent for service of process:
          Brian N. Lewandowski
          Lewandowski & Associates
          721 Center Road
          West Seneca, NY 14224

| KEVIN P. LANCASTER | NUMBER _____ DIVISION |
| --- | --- |
| VERSUS | 21ST JUDICIAL DISTRICT COURT |
| RONALD D. KRUMVIEDE, TRANS GLOBE LOGISTICS AMERICA, INC., and SENTRY SELECT INSURANCE COMPANY | TANGIPAHOA PARISH<br><br>STATE OF LOUISIANA |

### PLAINTIFF'S REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANTS

TO THE FOLLOWING DEFENDANTS:

1.  **RONALD D. KRUMVIEDE**
2.  **TRANS GLOBE LOGISTICS AMERICA, INC.**
3.  **SENTRY SELECT INSURANCE COMPANY**

Plaintiff, **KEVIN P. LANCASTER ("Plaintiff(s)")**, pursuant to the provisions of the Louisiana Code of Civil Procedure, hereby serve upon Defendants, **RONALD D. KRUMVIEDE, TRANS GLOBE LOGISTICS AMERICA, INC., and SENTRY SELECT INSURANCE COMPANY**, the following written Requests for Admission, Interrogatories and Requests for Production, to be answered separately and in writing, under oath, within thirty (30) days after service of the petition upon you. You are further placed on notice that these Requests for Admission, Interrogatories, and Requests for Production are deemed continuing, requiring supplemental answers thereto in the event relevant information, which would require amendment or supplementation of the answers thereto in order that they would be properly and truthfully answered, is discovered, acquired by or becomes known to you.

PLEASE NOTE: Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for the objection shall be stated in lieu of an answer. The answers are to be signed by the person making them.

### INSTRUCTIONS AND DEFINITIONS

As used herein:

A.      "Documents" or "document" means and includes any written, printed, typed, recorded, or graphic matter, however produced or reproduced, including correspondence, telegrams, other written communications, data processing storage units (including tapes, memory cores, discs, cards, or other data compilations from which information can be obtained and translated into reasonably usable form), tapes, contracts, agreements, notes, memoranda, analyses, evaluations, inspection reports, investigations, projections, studies, indices, work papers, surveys, diaries, calendars, films, photographs, minutes of meetings, or any other writings (including copies of any of the foregoing, regardless of whether you are in possession, custody, or control of the original), now or formerly in your possession, custody, or control or that of your counsel, agents, employees, or any other persons acting in your behalf.

B.      If you withhold any answer and/or response covered by these interrogatories and requests for production, please state the basis upon which the answer and/or response is being withheld and all factual information other than the information subject to the privilege. In addition, if you withhold any document covered by these requests, please furnish a description of each document being withheld, completely identifying the document(s) by author, addressee, all recipients, subject matter, date, and custodian, together with the basis upon which the requested document is being withheld and the paragraphs of this request to which any such documents respond.

C.      These Requests for Admission, Interrogatories, and Requests for Production Requests for Admission, Interrogatories, and Requests for Production shall be deemed continuing and require further and supplemental answers by you as you obtain additional information after the time of the initial response.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NUMBER 1:**
Do you admit or deny that **RONALD D. KRUMVIEDE ("KRUMVIEDE")** was the operator of a 2004 Kenworth tractor owned by **TRANS GLOBE LOGISTICS AMERICA, INC. ("TRANS GLOBE")**, on **January 7, 2021**?

**REQUEST FOR ADMISSION NUMBER 2:**
Do you admit or deny that the operation of the 2004 Kenworth tractor by **KRUMVIEDE** owned by **TRANS GLOBE LOGISTICS AMERICA, INC.,** was insured by **SENTRY SELECT INSURANCE COMPANY,** on **January 7, 2021**?

**REQUEST FOR ADMISSION NUMBER 3:**
Do you admit or deny that **KRUMVIEDE** was involved in a motor vehicle collision with a vehicle driven by **KEVIN P. LANCASTER ("LANCASTER")** on **January 7, 2021,** that forms the basis of this lawsuit?

**REQUEST FOR ADMISSION NUMBER 4:**
Do you admit or deny that the vehicle operated by **KRUMVIEDE** collided with the vehicle driven by **LANCASTER** on US Hwy 190 W in Hammond, LA, on **January 7, 2021**?

**REQUEST FOR ADMISSION NUMBER 5:**
Do you admit or deny that **KRUMVIEDE** was at fault for the motor vehicle collision with a vehicle driven by **LANCASTER** on **January 7, 2021,** that forms the basis of this lawsuit?

**REQUEST FOR ADMISSION NUMBER 6:**
Do you admit or deny that **KRUMVIEDE** was in the course and scope of his employment with **TRANS GLOBE,** at the time of the motor vehicle collision with a vehicle driven by **LANCASTER** on **January 7, 2021,** that forms the basis of this lawsuit?

**REQUEST FOR ADMISSION NUMBER 7:**
Do you admit or deny that **KRUMVIEDE** was on an errand and/or mission for **TRANS GLOBE,** at the time of the motor vehicle collision with a vehicle driven by **LANCASTER** on **January 7, 2021,** that forms the basis of this lawsuit?

**These Requests For Admissions shall be deemed continuing and require further and supplemental answers by you as you obtain additional information after the time of the initial response.**

## INTERROGATORIES

**INTERROGATORY NO. 1:**
Please state the full name, date of birth, place of birth, social security number, current residence address, phone number, and current business and/or work address of each and every person providing and/or giving information used in the preparation of responses to these Interrogatories and Requests for Production, except as to the attorney for defendants.

**INTERROGATORY NO. 2:**
If you or any representative on your behalf has conducted any investigation of the facts or circumstances surrounding the incident forming the basis of this suit, please state:

    A.    The name, address and title of the person who conducted such investigation;

    B.    The date when such investigation was conducted;

    C.    The name and address of each and every person who gave a statement, the date such statement was given and whether such statement was signed;

    D.    What each person said in such statement(s), including the name of each person who made each such statement; and

    E.    The name and address of the person who has possession and custody of such statement(s) at the present time.

**INTERROGATORY NO. 3:**

Please state the names and addresses of all individuals known to you or your attorneys who are eye-witnesses to, and/or who have personal knowledge of, the incident giving rise to this suit. For each such person, please provide a brief summary of facts to which each could testify and please state the following:

        A.    Whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this suit; and

        B.    If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart A. above, please describe the nature of their involvement in this suit.

**INTERROGATORY NO. 4:**

Please state the names and addresses of all individuals known to you or your attorneys who are not eye-witnesses to, and/or who do not have personal knowledge of, the incident giving rise to this suit, but who you have reason to believe have knowledge of the site of the incident as it existed at the time of the incident, the events leading up to and/or occurring after the incident, and provide a brief summary of the facts to which each person could testify. For each such person, please state the following:

        A.    Whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this suit; and

        B.    If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart A. above, please describe the nature of their involvement in this suit.

**INTERROGATORY NO. 5:**

Please state whether any of the individuals listed in the answers to Interrogatories NOS. 3 and 4 have given statements and if so, please state the name and address of the individual giving the statement, and the name and address of the individual to whom the statement was given, and whether or not the statement was written or recorded, and if it were written or recorded, the name and address of the individual presently in possession of it.

**INTERROGATORY NO. 6:**

Please state the names and addresses of all persons whom you intend to call or may call as witnesses at the trial of this matter, including expert witnesses. Please also state the subject matter on which each witness is expected to testify and the substance of the facts to which each witness is expected to testify. If any of the witnesses listed in your answer to this Interrogatory are experts, please: (a) state all opinions to rendered by your experts, (b) state all facts relied upon to reach any opinion rendered by your experts, (c) state the calculations (if any) used to reach any opinion rendered by your experts, (d) produce a copy of any report rendered by your experts, and (e) produce a copy of the entire file of your experts including, but not limited to, all correspondence between the experts and anyone (including defendant and defendant's attorney), notes from corrections, calculations, working diagrams, photographs, videotapes, charts, *etc.* **If there are any contents of the expert's file that you refuse to produce or claim to subject to any privilege, please specifically identify them with particularity.**

**INTERROGATORY NO. 7:**

Please state the names and addresses of all experts who have been retained or specially employed in anticipation of litigation or preparation for trial and whom you do not expect to call as witnesses at the trial of this case.

**INTERROGATORY NO. 8:**

Please list each exhibit which you will attempt or may attempt to introduce as evidence at the trial of this case, or which has been used or referred to by an expert witness on your behalf.

**INTERROGATORY NO. 9:**

Please state the names, addresses, and phone numbers of all persons, entities, and/or insurance companies who may be responsible for the liability and/or fault of defendants with respect to the claims made by **Plaintiff(s)** in the Petition for Damages filed in this matter. If you believe that any responses covered by this interrogatory are protected by a privilege, please respond in accordance with paragraph B. of the Instructions and Definitions which is contained herein.

INTERROGATORY NO. 10:
Please state all persons and/or entities whose fault may have caused and/or contributed to **Plaintiff(s)'** injuries and damages. As to each such person and/or entity, please state the facts known to you which cause you to believe and/or suspect that such person's and/or entity's fault caused and/or contributed to said injuries and/or damages.

INTERROGATORY NO. 11:
Do you think that any of the defendants contributed, in any way, to the injuries and/or damages of **Plaintiff(s)?** If your answer is yes, please state all facts and/or reasons supporting your belief that the defendants contributed, in any way, to the injuries and/or damages of **Plaintiff(s).**

INTERROGATORY NO. 12:
Please state all contact information for defendant, **KRUMVIEDE,** including current residence address, current business and/or work address, and phone number(s).

INTERROGATORY NO. 13:
Please state if the vehicle driven by defendant, **KRUMVIEDE,** was equipped with a device or on-board computer that holds Electronically Stored Information ("ESI") including a global positioning device, vehicle onboard radar system, employer tracking system, or any other device that contains data that may be retrieved to indicate the speed, distance, location, elapsed trip time, G force, miles driven, rates of acceleration and braking, or other information relevant to this collision; and, if so, identify the device or computer and the type of data that was recorded or transmitted.

INTERROGATORY NO. 14:
Please identify any and all photographs, video recordings, surveillance tapes, or recordings of any kind, which depict, show, or relate to **Plaintiff(s),** which you have in your possession or whose existence you know of, including as part of your list, the name, address, and phone number of the custodian of this information.

INTERROGATORY NO. 15:
Please state whether you, your client, or any agent/representative of you or your client have conducted or attempted to conduct any surveillance on **Plaintiff(s)** on or since the date of the collision made the basis of this litigation. This request includes but not limited to any videotapes, audiotapes, photographs, and/or visual surveillance. If the answer is in the affirmative, please list the name, address, and phone numbers of the persons(s) and/or entity(s) conducting or attempting to conduct the surveillance, the date(s) the surveillance was conducted or attempted to be conducted, and the name, address, and phone number of the custodian of this information.

INTERROGATORY NO. 16:
Please state whether or not defendant, **KRUMVIEDE,** was in the course and scope of employment at the time of the subject collision with a vehicle driven by **KEVIN P. LANCASTER** on **January 7, 2021,** for any employer, including for defendant, **TRANS GLOBE;** and if so, please state what task or activity was defendant, **KRUMVIEDE,** performing for **TRANS GLOBE,** at the time of the subject collision as well as provide the name, address, and phone number of the employer of defendant, **KRUMVIEDE.**

INTERROGATORY NO. 17:
Please state if **KRUMVIEDE** was on an errand and/or mission for **TRANS GLOBE,** at the time of the subject collision with a vehicle driven by **KEVIN P. LANCASTER** on **January 7, 2021,** that forms the basis of this lawsuit; if so, please state the purpose of said errand and/or mission as well as the destination and origin of said errand/and/or mission.

INTERROGATORY NO. 18:
Please state whether you claim if Plaintiff has incurred any unnecessary medical treatment or incurred excessive medical expenses; if so, please state what medical treatment you claim was unnecessary and/or identify the cost of medical treatment that you claim was excessive.

**These interrogatories shall be deemed continuing and require further and supplemental answers by you as you obtain additional information after the time of the initial response.**

### REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**
Please attach copies of each statement you have obtained regarding the subject collision, including those listed in your answer to Interrogatory NO. 5 above. If you believe that any responses covered by this request for production are protected by a privilege, please respond in accordance with paragraph B. of the Instructions and Definitions contained herein.

**REQUEST FOR PRODUCTION NO. 2:**
Please attach copies of each exhibit which you will attempt or may attempt to introduce as evidence at the trial of this case, or which has been used or referred to by an expert witness on your behalf, including those listed in your answer to Interrogatory NOS. 6 and 8 above. If you believe that any responses covered by this request for production are protected by a privilege, please respond in accordance with paragraph B. of the Instructions and Definitions contained herein.

**REQUEST FOR PRODUCTION NO. 3:**
Please produce a copy of any and all films, videos, photographs, diagrams, drawings, or other representations of the area where the vehicular collision occurred which is the subject of this lawsuit, all as more particularly described in the Petition for Damages filed herein. If you believe that any responses covered by this request for production are protected by a privilege, please respond in accordance with paragraph B. of the Instructions and Definitions contained herein.

**REQUEST FOR PRODUCTION NO. 4:**
Please produce all communications and/or correspondence that have been created, generated, sent, and/or received by you and/or an agent of you, and/or any third party which concern and/or relate to the facts of this suit and/or the handling of **Plaintiff(s)'** claims. If you believe that any responses covered by this request for production are protected by a privilege, please respond in accordance with paragraph B. of the Instructions and Definitions contained herein.

**REQUEST FOR PRODUCTION NO. 5:**
Please produce any and all incident reports of, concerning, and/or related to the vehicular collision, which is the subject of this lawsuit, all as more particularly described in the Petition for Damages filed herein.

**REQUEST FOR PRODUCTION NO. 6:**
Please produce any and all pictures and/or recordings, whether video and/or audio, of the vehicular collision that occurred which is the subject of this lawsuit, all as more particularly described in the Petition for Damages filed herein. Also, please produce any and all statements of **Plaintiff(s)** concerning the vehicular collision. If you believe that any responses covered by this request for production are protected by a privilege, please respond in accordance with paragraph B. of the Instructions and Definitions contained herein.

**REQUEST FOR PRODUCTION NO. 7:**
Please produce a certified copy of any and all liability and/or umbrella policies (including declarations page) of insurance issued to, by, or in favor of your insured driver and the vehicle operated by your insured driver, whether it be personal, business, or commercial liability insurer, providing primary, excess, uninsured/underinsured motorist, or umbrella coverage, or certificate of self-insurance, insuring or arguably insuring any **Plaintiff(s)** herein and/or any defendant for damages arising from the collision as more particularly described in the Petition for Damages filed herein, which were in full force and effect on the date of the collision sued upon herein.

**REQUEST FOR PRODUCTION NO. 8:**
Please produce any and all documents which explain, describe, and/or state the relationship between you and those persons and/or entities that are listed in response to Interrogatory NO. 9, above. If you believe that any responses covered by this request for production are protected by a privilege, please respond in accordance with paragraph B. of the Instructions and Definitions contained herein.

REQUEST FOR PRODUCTION NO. 9:

Please produce any and all correspondence between you and any third party concerning the collision which is the subject of this lawsuit, all as more particularly described in the Petition for Damages filed herein.

REQUEST FOR PRODUCTION NO. 10:

Please identify and produce any and all photographs, video recordings, surveillance tapes, or recordings of any kind, which depict, show, or relate to any **Plaintiff(s)**, which you have in your possession or whose existence you know of including as part of your list, the name, address, and phone number of the custodian of this information.

REQUEST FOR PRODUCTION NO. 11:

Please produce any and all records from any device or on-board computer installed on the vehicle driven by Defendant, **KRUMVIEDE**, that holds Electronically Stored Information ("ESI") including a global positioning device, vehicle onboard radar system, employer tracking system, or any other device that contains data that may be retrieved to indicate the speed, distance, location, elapsed trip time, G force, miles driven, rates of acceleration and braking, or other information relevant to the subject collision of **January 7, 2021.**

REQUEST FOR PRODUCTION NO. 12:

Please produce any and all documents establishing driver safety programs or policies related to the operation of vehicles for Defendant, **TRANS GLOBE.**

REQUEST FOR PRODUCTION NO. 13:

As to the Defendant, **KRUMVIEDE**, produce the following documents and items:

    A.       Employment file:

    B.       Personnel file;

    C.       Record of required driving test;

    D.       Record of required written test;

    E.       Driver's Qualification File;

    F.       Driving Records;

    G.       Payroll records;

    H.       Log books for the date of the subject collision on or around **January 7, 2021;**

    I.       Incident or accident report submitted by Defendant, **KRUMVIEDE**, to Defendant, **TRANS GLOBE**, regarding the subject collision on or around **January 7, 2021;**

    J.       Investigative reports or review of the subject collision on or around **January 7, 2021;**

    K.       Disciplinary actions, including those actions that relate to the subject collision on or around **January 7, 2021;** and

    L.       Records of all prior motor vehicle accidents.

REQUEST FOR PRODUCTION NO. 14:

Please provide all documents, emails and faxes from any meetings or discussions Defendant, **KRUMVIEDE**, attended and/or participated in that pertain to the collision which is the basis of this litigation.

REQUEST FOR PRODUCTION NO. 15:

Please provide all documents, emails, and faxes from any meeting or discussions conducted by and/or participated in by Defendant, **KRUMVIEDE**, or its agents, associates, affiliates or subsidiaries which pertain to the collision which is the basis of this litigation.

REQUEST FOR PRODUCTION NO. 16:

Please provide results of all blood, urine, hair or any other test for intoxicating or other illicit substances which Defendant, **KRUMVIEDE**, provided in connection with the collision which is the basis of this litigation.

REQUEST FOR PRODUCTION NO. 17:

Please produce all repair invoices, estimates, valuations, etc., regarding the vehicles involved in the subject collision.

REQUEST FOR PRODUCTION NO. 18:

Please produce any and all documents related to advances, tenders, settlements or any other payment made to any **Plaintiff**, by any Defendant relative to the subject collision which is the subject of this lawsuit, including payments to repair the property damage arising from the collision.

REQUEST FOR PRODUCTION NO. 19:

Please produce any and all documents that supports your claims that **Plaintiff(s)** has incurred unnecessary medical treatment or incurred excessive medical expenses.

REQUEST FOR PRODUCTION NO. 20:

Please produce a copy of all reports prepared by expert witness as well as any document used or referred to by the expert in the report, a copy of the expert's curriculum vitae, a copy of all payments made to each expert, and a schedule of fees to be paid to each expert regarding this matter.

REQUEST FOR PRODUCTION NO. 21:

Produce copies of any document received by Defendants pursuant to subpoena, authorization, or otherwise, pertaining to **Plaintiff(s)' case. PLEASE NOTE THAT THERE DUTY TO SUPPLEMENT THESE RESPONSES AND THIS DUTY IS CONTINUING.**

**These requests for production shall be deemed continuing and require further and supplemental answers by you as you obtain additional information after the time of the initial response.**

Respectfully submitted,

Stephen M. Alexander (LSBA #29066)
**ALEXANDER LAW GROUP, LLC**
8550 United Plaza Boulevard, Suite 702
Baton Rouge, LA 70809
P.O. Box 41860
Baton Rouge, LA 70835
225-922-4488 (Office)
888-670-7025 (Fax)
225-229-4512 (Mobile)
E-mail: stephen@alexander.com

AND

Charles S. Lambert, Jr. (LSBA# 21685)
**LAW OFFICES OF CHARLES S. LAMBERT, JR., LLC**
10537 Kentshire Court, Suite A
Baton Rouge, Louisiana 70810
Phone: (225) 367-1073
Fax: (225) 304-5732
Mobile: (225) 405-0660
E-mail: chip@grandlawfirm.com

**ATTORNEYS FOR PLAINTIFF, KEVIN P. LANCASTER**

# SERVICE INSTRUCTIONS

PLEASE SERVE THIS DISCOVERY <u>WITH</u> THE CITATION AND SERVICE OF THE PETITION FOR DAMAGES FOR DAMAGES TO THE FOLLOWING DEFENDANT(S):

1.     **SENTRY SELECT INSURANCE COMPANY**
       Through its agent for service of process:
          Honorable Kyle Ardoin
          Louisiana Secretary Of State
          8585 Archives Avenue
          Baton Rouge, LA 70809
          **East Baton Rouge Parish**

THE DISCOVERY WILL BE SERVED <u>WITH</u> THE CITATION AND SERVICE OF THE PETITION FOR DAMAGES FOR DAMAGES ON THE FOLLOWING DEFENDANT(S) IN ACCORDANCE WITH THE <u>LOUISIANA LONG ARM STATUTE</u>, LA. R.S. 13:3201, *ET SEQ.*, AS SET FORTH BELOW:

2.     **RONALD D. KRUMVIEDE**
       306 S. Prospect Street
       Maquoketa, IA 52060

3.     **TRANS GLOBE LOGISTICS AMERICA, INC.**
       Through its agent for service of process:
          Brian N. Lewandowski
          Lewandowski & Associates
          721 Center Road
          West Seneca, NY 14224

KEVIN P. LANCASTER

VERSUS

RONALD D. KRUMVIEDE, TRANS GLOBE
LOGISTICS AMERICA, INC., and SENTRY
SELECT INSURANCE COMPANY

NUMBER          DIVISION

21ST JUDICIAL DISTRICT COURT

TANGIPAHOA PARISH

STATE OF LOUISIANA

### REQUEST FOR TEN DAYS NOTICE

NOW INTO COURT, through undersigned counsel, comes Plaintiff herein, KEVIN P.

LANCASTER, who respectfully requests that Plaintiff be given at least ten (10) days written

notice in advance of any setting in the above captioned matter, whether same be for trial, hearing,

*etc.*, in accordance with the provisions of Louisiana Code of Civil Procedure Article 1572.

Plaintiff further requests notice of any judgment in accordance with the provisions of

Louisiana Code of Civil Procedure Articles 1913 and 1914.

Respectfully submitted,

Stephen M. Alexander (LSBA #29066)
**ALEXANDER LAW GROUP, LLC**
8550 United Plaza Boulevard, Suite 702
Baton Rouge, LA 70809
P.O. Box 41860
Baton Rouge, LA 70835
225-922-4488 (Office)
888-670-7025 (Fax)
225-229-4512 (Mobile)
E-mail: stephen@alexander.com

AND

Charles S. Lambert, Jr. (LSBA# 21685)
**LAW OFFICES OF CHARLES S. LAMBERT, JR., LLC**
10537 Kentshire Court, Suite A
Baton Rouge, Louisiana 70810
Phone: (225) 367-1073
Fax: (225) 304-5732
Mobile: (225) 405-0660
E-mail: chip@grandlawfirm.com

**ATTORNEYS FOR PLAINTIFF, KEVIN P. LANCASTER**

# LAW OFFICES OF CHARLES S. LAMBERT, JR., LLC

10537 Kentshire Court, Suite A
Baton Rouge, Louisiana 70810
Tel: (225) 367-1073  Fax: (225) 304-5732
Chip@grandlawfirm.com

Charles S. Lambert, Jr.
Licensed in LA, TX, and MS

December 29, 2021

Honorable Gary Stanga
Clerk of Court, Tangipahoa Parish
P.O. Box 667
Amite, LA 70422
**Transmitted Via Fax ONLY (985) 748-6746**

RE:   *Kevin P. Lancaster v. Ronald D. Krumviede, Trans Globe Logistics America, Inc.,
and Sentry Select Insurance Company*, Number _____, Division ____, 21st
Judicial District Court, Tangipahoa Parish, State of Louisiana

Dear Clerk,

Please **fax file** the attached Petition For Damages and Jury Demand, Plaintiff's Requests for
Admission, Interrogatories, and Requests For Production to Defendants, and Request for Ten Days
Notice on behalf of Plaintiff, Kevin P. Lancaster, in the above-cited matter, in accordance with La.
R.S. 13:850.

Please send the fax confirmation and the filing fee request to me by fax at (225) 304-5732.

If you need any additional information to facilitate this request, please call me at (225) 405-0660.
Thank you.

Sincerely,

Charles S. Lambert, Jr.

CC:   Stephen M. Alexander via email: stephen@alexander.com

KEVIN P. LANCASTER                          NUMBER          DIVISION

VERSUS                                      21ST JUDICIAL DISTRICT COURT

RONALD D. KRUMVIEDE, TRANS GLOBE            TANGIPAHOA PARISH
LOGISTICS AMERICA, INC., and SENTRY
SELECT INSURANCE COMPANY                    STATE OF LOUISIANA

*ELECTRONICALLY FILED*

## PETITION FOR DAMAGES AND JURY DEMAND

The petition of **KEVIN P. LANCASTER** represents as follows:

1.

Petitioner **KEVIN P. LANCASTER ("LANCASTER")** is a person of the full age of

majority who is a resident and domiciliary of St. James Parish, Louisiana.

2.

Defendants herein are:

A.   **RONALD D. KRUMVIEDE ("KRUMVIEDE")**, a person of the full age of
     majority, who is a resident of Iowa and domiciled at 306 S. Prospect Street,
     Maquoketa, IA 52060;

B.   **TRANS GLOBE LOGISTICS AMERICA, INC. ("TRANS GLOBE")**, a New
     York, doing business in Louisiana, which may be served through its agent for
     service of process:  Brian N. Lewandowski, Lewandowski & Associates, 721
     Center Road, West Seneca, NY 14224; and

C.   **SENTRY SELECT INSURANCE COMPANY ("SENTRY")**, a foreign
     insurance company authorized to do business in Louisiana, which may be served
     through its agent of service located in East Baton Rouge Parish:  Honorable Kyle
     Ardoin, Louisiana Secretary Of State, 8585 Archives Avenue, Baton Rouge, LA
     70809; **SENTRY** is being sued as the motor vehicle liability insurer of Defendants,
     **KRUMVIEDE and TRANS GLOBE.**

3.

Jurisdiction and venue are proper pursuant to Article 74 of the Louisiana Code of Civil

Procedure as the defendants are being sued in Tangipahoa Parish, which is the parish where the

wrongful conduct alleged in this petition occurred.

4.

On January 7, 2021, there was a motor vehicle collision on US Hwy 190 W near the North

Bound Ramp of I-55 in Hammond, Louisiana, which is in Tangipahoa Parish.  The collision

involved two (2) vehicles, namely a 2004 Kenworth tractor and trailer driven by Defendant

**KRUMVIEDE** and a 2020 Chevrolet Silverado driven and owned by Petitioner **LANCASTER**;

the 2004 Kenworth tractor/trailer driven by Defendant **KRUMVIEDE** was owned by Defendant

**TRANS GLOBE**. **LANCASTER** and **KRUMVIEDE** were traveling east on US Hwy 190 W at

about the same time and place, where **LANCASTER** was traveling in the left lane of US Hwy 190 W and **KRUMVIEDE** was traveling in the right lane of US Hwy 190 W, when **KRUMVIEDE** suddenly, negligently, and without warning attempted to turn left across the left lane of US Hwy 190 W, which was already occupied by the **LANCASTER** vehicle, to make a U-turn from US Hwy 190 W. **KRUMVIEDE** rammed the left front side of the 2004 Kenworth tractor into the right front side of the **LANCASTER** vehicle. The investigating officer determined that the primary factors for the collision were the careless operation of the 2004 Kenworth tractor/trailer by **KRUMVIEDE** and his inattentive condition. **KRUMVIEDE** admitted that he did not see the **LANCASTER** vehicle when he attempted to make to make a U-turn across US Hwy 190 W. The investigating officer issued citation CPI100274 to **KRUMVIEDE** for the violation of La. R.S. 32:58—careless operation. The collision caused moderate damage to the right front side of the **LANCASTER** vehicle, which was not driveable, and caused moderate damage to the left front passenger side of the 2004 Kenworth tractor driven by **KRUMVIEDE**. The investigating officer found **LANCASTER** violated no traffic laws regarding the subject collision.

5.

The subject collision and resulting injuries and damages of Petitioner **LANCASTER** were caused solely and proximately by the negligence and/or fault of Defendant **KRUMVIEDE**, said negligence and/or fault consisting of, but not limited to, the following:

A.   Turning left from the wrong lane and crashing into Petitioner's vehicle;

B.   Failure to Yield;

C.   Failure to see what he should have seen and if seen, in failing to heed;

D.   Failure to exercise reasonable care;

E.   Failure to act as a reasonable person under the same or similar circumstances;

F.   Failing to keep a proper lookout;

G.   Failure to maintain proper control of his vehicle;

H.   Failure to take sufficient measures to prevent the impact with Petitioner's vehicle;

I.   Failing to have his vehicle under control so as to keep it from striking Petitioner's vehicle;

J.   Failing to steer his vehicle properly to avoid striking Petitioner's vehicle;

K.   Failure to exercise a degree of care commensurate with the existing circumstances as the time of the collision with Petitioner's vehicle;

L.   Being inattentive and/or distracted;

M.   Failure to observe and obey traffic laws governing the operation of motor vehicles; and

N.   All other acts of negligence and/or fault to be proven at the trial of this matter.

6.

The subject collision was not caused or contributed to by any act or omission on the part of Petitioner **LANCASTER**.

7.

Petitioner **LANCASTER** sustained physical and mental injuries as a direct consequence of the subject collision, including, but not limited to, bodily injuries, pain in the neck, pain in the back, cervical injuries, thoracic injuries, lumbar injuries, ligament injuries, muscle injuries, spinal injuries, and chest injuries; as well as all other damages proven at the trial of this matter.

8.

Petitioner **LANCASTER** is entitled to recover damages for the following:

A.   Past, present and future physical pain and suffering, and inconvenience;

B.   Past, present and future mental pain and suffering, anxiety and embarrassment;

C.   Past, present, and future doctor, hospital, physical therapy, mental therapy, and medical care provider expenses;

D.   Past, present and future cost of rehabilitation;

E.   Functional and anatomical disability;

F.   Loss of enjoyment of life;

G.   Disfigurement;

H.   Inability to engage in and enjoy personal, social and recreational activities;

I.   Past, present and future lost earnings and lost earning capacity; and

J.   Any and all other damages to be proven at the trial of this matter.

9.

Petitioner **LANCASTER** has incurred and will continue to incur significant medical expenses to diagnose and treat the injuries sustained as a direct consequence of the subject collision caused by Defendant **KRUMVIEDE**.

10.

The vehicle being driven by Defendant **KRUMVIEDE** was owned by Defendant, **TRANS GLOBE,** and was being driven by **KRUMVIEDE** while in the course and scope of his

employment with **TRANS GLOBE** at the time of the subject accident; therefore, **KRUMVIEDE** and **TRANS GLOBE** are liable jointly and *in solido* for all injuries and damages sustained by Petitioner **LANCASTER** in connection with the above-described collision caused by the negligence and/or fault of **KRUMVIEDE**, for whom **TRANS GLOBE** is responsible through the doctrine of *respondeat superior* under La. CC Arts. 2317 and 2320.

11.

At the time of the accident, Defendant **KRUMVIEDE** was covered by a policy of motor vehicle liability insurance, including a policy issued by Defendant **SENTRY** (believed to bear Policy Number A0031351001), insuring against the negligence, fault and/or liability of Defendants, **KRUMVIEDE and/or TRANS GLOBE**, that was in full force and effect at the time of the accident and which insurance inures to the benefit of Petitioner **LANCASTER** under the provisions of the Louisiana Direct Action Statute, R.S. 22:1269.

12.

Under the terms of the said policy, **SENTRY** obligated itself to pay any and all damages caused to others as a result of the negligence, fault and/or liability of Defendants, **KRUMVIEDE and/or TRANS GLOBE**, in the operation of said vehicle; and, the vehicle being driven by **KRUMVIEDE**, described above, was covered by said policy at the time of said collision.

13.

**SENTRY** is therefore liable *in solido* with Defendants, **KRUMVIEDE and TRANS GLOBE**, unto Petitioner **LANCASTER** for his injuries and damages arising from the subject collision as well as all claims and causes of action cited herein.

14.

Pursuant to the provisions of La. C.C.P. art. 1423, *et seq.*, Petitioner **LANCASTER** is entitled to a certified copy of any insurance policy issued to and/or otherwise insuring Defendants, **KRUMVIEDE and/or TRANS GLOBE**, including the policy issued by Defendant **SENTRY**, for the claims made by Petitioner herein. Petitioner herein requests a certified copy of any and all such policies of insurance be provided to Petitioner within thirty (30) days of service of the Petition upon Defendants.

15.

Petitioner **LANCASTER** demands damages from Defendants as are reasonable and appropriate in the premises for the injuries and losses sustained by Petitioner.

## JURY DEMAND

16.

Petitioner **LANCASTER** hereby demands that all issues be tried by jury.

**WHEREFORE**, Petitioner herein, **KEVIN P. LANCASTER**, prays as follows:

A.   That Defendants, **RONALD D. KRUMVIEDE, TRANS GLOBE LOGISTICS AMERICA, INC., and SENTRY SELECT INSURANCE COMPANY**, be served with a copy of this Petition;

B.   For Judgment herein in favor of Petitioner, **KEVIN P. LANCASTER**, and against the Defendants, **RONALD D. KRUMVIEDE, TRANS GLOBE LOGISTICS AMERICA, INC., and SENTRY SELECT INSURANCE COMPANY**, jointly, severally, and *in solido,* for compensatory damages in an amount to be determined by this Honorable Court that will fully and adequately satisfy the demands of justice and equity, together with legal interest thereon from date of judicial demand, until paid;

C.   For all costs of these proceedings, including witness fees, expert witness fees, costs of the clerk and sheriff, costs of taking depositions, and all other costs allowed by this Honorable Court to be cast against Defendants, **RONALD D. KRUMVIEDE, TRANS GLOBE LOGISTICS AMERICA, INC., and SENTRY SELECT INSURANCE COMPANY**, jointly, severally, and *in solido*; and

D.   For all other relief, both general and equitable, which is necessary and proper in the premises.

Respectfully submitted,

Stephen M. Alexander (LSBA #29066)
**ALEXANDER LAW GROUP, LLC**
8550 United Plaza Boulevard, Suite 702
Baton Rouge, LA 70809
P.O. Box 41860
Baton Rouge, LA  70835
225-922-4488 (Office)
888-670-7025 (Fax)
225-229-4512 (Mobile)
E-mail: stephen@alexander.com

**AND**

Charles S. Lambert, Jr. (LSBA# 21685)
**LAW OFFICES OF CHARLES S. LAMBERT, JR., LLC**
10537 Kentshire Court, Suite A
Baton Rouge, Louisiana 70810
Phone: (225) 367-1073
Fax: (225) 304-5732
Mobile: (225) 405-0660
E-mail: chip@grandlawfirm.com

**ATTORNEYS FOR PETITIONER, KEVIN P. LANCASTER**

# SERVICE INSTRUCTIONS

**PLEASE SERVE THE CITATION AND PETITION FOR DAMAGES, WITH PLAINTIFF'S DISCOVERY CONTEMPORANEOUSLY FILED, ON THE FOLLOWING DEFENDANTS:**

1.  **SENTRY SELECT INSURANCE COMPANY**
    Through its agent for service of process:
    Honorable Kyle Ardoin
    Louisiana Secretary Of State
    8585 Archives Avenue
    Baton Rouge, LA 70809
    **East Baton Rouge Parish**

**THE CITATION AND SERVICE OF THE PETITION FOR DAMAGES WILL BE SERVED ON THE FOLLOWING DEFENDANT(S), WITH THE DISCOVERY CONTEMPORANEOUSLY FILED, IN ACCORDANCE WITH THE LOUISIANA LONG ARM STATUTE, LA. R.S. 13:3201, *ET SEQ.*, AS SET FORTH BELOW:**

2.  **RONALD D. KRUMVIEDE**
    306 S. Prospect Street
    Maquoketa, IA 52060

3.  **TRANS GLOBE LOGISTICS AMERICA, INC.**
    Through its agent for service of process:
    Brian N. Lewandowski
    Lewandowski & Associates
    721 Center Road
    West Seneca, NY 14224

| KEVIN P. LANCASTER | NUMBER | DIVISION |

**KEVIN P. LANCASTER**

**VERSUS**

**RONALD D. KRUMVIEDE, TRANS GLOBE
LOGISTICS AMERICA, INC., and SENTRY
SELECT INSURANCE COMPANY**

NUMBER          DIVISION

**21ST JUDICIAL DISTRICT COURT**

**TANGIPAHOA PARISH**

**STATE OF LOUISIANA**

## PLAINTIFF'S REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANTS

**TO THE FOLLOWING DEFENDANTS:**

1. **RONALD D. KRUMVIEDE**
2. **TRANS GLOBE LOGISTICS AMERICA, INC.**
3. **SENTRY SELECT INSURANCE COMPANY**

Plaintiff, **KEVIN P. LANCASTER ("Plaintiff(s)")**, pursuant to the provisions of the Louisiana Code of Civil Procedure, hereby serve upon Defendants, **RONALD D. KRUMVIEDE, TRANS GLOBE LOGISTICS AMERICA, INC., and SENTRY SELECT INSURANCE COMPANY**, the following written Requests for Admission, Interrogatories and Requests for Production, to be answered separately and in writing, under oath, within thirty (30) days after service of the petition upon you. You are further placed on notice that these Requests for Admission, Interrogatories, and Requests for Production are deemed continuing, requiring supplemental answers thereto in the event relevant information, which would require amendment or supplementation of the answers thereto in order that they would be properly and truthfully answered, is discovered, acquired by or becomes known to you.

PLEASE NOTE: Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for the objection shall be stated in lieu of an answer. The answers are to be signed by the person making them.

### INSTRUCTIONS AND DEFINITIONS

As used herein:

A.      "Documents" or "document" means and includes any written, printed, typed, recorded, or graphic matter, however produced or reproduced, including correspondence, telegrams, other written communications, data processing storage units (including tapes, memory cores, discs, cards, or other data compilations from which information can be obtained and translated into reasonably usable form), tapes, contracts, agreements, notes, memoranda, analyses, evaluations, inspection reports, investigations, projections, studies, indices, work papers, surveys, diaries, calendars, films, photographs, minutes of meetings, or any other writings (including copies of any of the foregoing, regardless of whether you are in possession, custody, or control of the original), now or formerly in your possession, custody, or control or that of your counsel, agents, employees, or any other persons acting in your behalf.

B.      If you withhold any answer and/or response covered by these interrogatories and requests for production, please state the basis upon which the answer and/or response is being withheld and all factual information other than the information subject to the privilege. In addition, if you withhold any document covered by these requests, please furnish a description of each document being withheld, completely identifying the document(s) by author, addressee, all recipients, subject matter, date, and custodian, together with the basis upon which the requested document is being withheld and the paragraphs of this request to which any such documents respond.

C.      These Requests for Admission, Interrogatories, and Requests for Production Requests for Admission, Interrogatories, and Requests for Production shall be deemed continuing and require further and supplemental answers by you as you obtain additional information after the time of the initial response.

## REQUESTS FOR ADMISSIONS

REQUEST FOR ADMISSION NUMBER 1:
Do you admit or deny that **RONALD D. KRUMVIEDE ("KRUMVIEDE")** was the operator of a 2004 Kenworth tractor owned by **TRANS GLOBE LOGISTICS AMERICA, INC. ("TRANS GLOBE")**, on **January 7, 2021**?

REQUEST FOR ADMISSION NUMBER 2:
Do you admit or deny that the operation of the 2004 Kenworth tractor by **KRUMVIEDE** owned by **TRANS GLOBE LOGISTICS AMERICA, INC.**, was insured by **SENTRY SELECT INSURANCE COMPANY**, on **January 7, 2021**?

REQUEST FOR ADMISSION NUMBER 3:
Do you admit or deny that **KRUMVIEDE** was involved in a motor vehicle collision with a vehicle driven by **KEVIN P. LANCASTER ("LANCASTER")** on **January 7, 2021**, that forms the basis of this lawsuit?

REQUEST FOR ADMISSION NUMBER 4:
Do you admit or deny that the vehicle operated by **KRUMVIEDE** collided with the vehicle driven by **LANCASTER** on US Hwy 190 W in Hammond, LA, on **January 7, 2021**?

REQUEST FOR ADMISSION NUMBER 5:
Do you admit or deny that **KRUMVIEDE** was at fault for the motor vehicle collision with a vehicle driven by **LANCASTER** on **January 7, 2021**, that forms the basis of this lawsuit?

REQUEST FOR ADMISSION NUMBER 6:
Do you admit or deny that **KRUMVIEDE** was in the course and scope of his employment with **TRANS GLOBE**, at the time of the motor vehicle collision with a vehicle driven by **LANCASTER** on **January 7, 2021**, that forms the basis of this lawsuit?

REQUEST FOR ADMISSION NUMBER 7:
Do you admit or deny that **KRUMVIEDE** was on an errand and/or mission for **TRANS GLOBE**, at the time of the motor vehicle collision with a vehicle driven by **LANCASTER** on **January 7, 2021**, that forms the basis of this lawsuit?

**These Requests For Admissions shall be deemed continuing and require further and supplemental answers by you as you obtain additional information after the time of the initial response.**

## INTERROGATORIES

INTERROGATORY NO. 1:
Please state the full name, date of birth, place of birth, social security number, current residence address, phone number, and current business and/or work address of each and every person providing and/or giving information used in the preparation of responses to these Interrogatories and Requests for Production, except as to the attorney for defendants.

INTERROGATORY NO. 2:
If you or any representative on your behalf has conducted any investigation of the facts or circumstances surrounding the incident forming the basis of this suit, please state:
- A.   The name, address and title of the person who conducted such investigation;
- B.   The date when such investigation was conducted;
- C.   The name and address of each and every person who gave a statement, the date such statement was given and whether such statement was signed;
- D.   What each person said in such statement(s), including the name of each person who made each such statement; and
- E.   The name and address of the person who has possession and custody of such statement(s) at the present time.

**INTERROGATORY NO. 3:**
Please state the names and addresses of all individuals known to you or your attorneys who are eye-witnesses to, and/or who have personal knowledge of, the incident giving rise to this suit. For each such person, please provide a brief summary of facts to which each could testify and please state the following:

      A.    Whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this suit; and

      B.    If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart A. above, please describe the nature of their involvement in this suit.

**INTERROGATORY NO. 4:**
Please state the names and addresses of all individuals known to you or your attorneys who are not eye-witnesses to, and/or who do not have personal knowledge of, the incident giving rise to this suit, but who you have reason to believe have knowledge of the site of the incident as it existed at the time of the incident, the events leading up to and/or occurring after the incident, and provide a brief summary of the facts to which each person could testify. For each such person, please state the following:

      A.    Whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this suit; and

      B.    If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart A. above, please describe the nature of their involvement in this suit.

**INTERROGATORY NO. 5:**
Please state whether any of the individuals listed in the answers to Interrogatories NOS. 3 and 4 have given statements and if so, please state the name and address of the individual giving the statement, and the name and address of the individual to whom the statement was given, and whether or not the statement was written or recorded, and if it were written or recorded, the name and address of the individual presently in possession of it.

**INTERROGATORY NO. 6:**
Please state the names and addresses of all persons whom you intend to call or may call as witnesses at the trial of this matter, including expert witnesses. Please also state the subject matter on which each witness is expected to testify and the substance of the facts to which each witness is expected to testify. If any of the witnesses listed in your answer to this Interrogatory are experts, please: (a) state all opinions to rendered by your experts, (b) state all facts relied upon to reach any opinion rendered by your experts, (c) state the calculations (if any) used to reach any opinion rendered by your experts, (d) produce a copy of any report rendered by your experts, and (e) produce a copy of the entire file of your experts including, but not limited to, all correspondence between the experts and anyone (including defendant and defendant's attorney), notes from corrections, calculations, working diagrams, photographs, videotapes, charts, *etc.* **If there are any contents of the expert's file that you refuse to produce or claim to subject to any privilege, please specifically identify them with particularity.**

**INTERROGATORY NO. 7:**
Please state the names and addresses of all experts who have been retained or specially employed in anticipation of litigation or preparation for trial and whom you do not expect to call as witnesses at the trial of this case.

**INTERROGATORY NO. 8:**
Please list each exhibit which you will attempt or may attempt to introduce as evidence at the trial of this case, or which has been used or referred to by an expert witness on your behalf.

**INTERROGATORY NO. 9:**
Please state the names, addresses, and phone numbers of all persons, entities, and/or insurance companies who may be responsible for the liability and/or fault of defendants with respect to the claims made by **Plaintiff(s)** in the Petition for Damages filed in this matter. If you believe that any responses covered by this interrogatory are protected by a privilege, please respond in accordance with paragraph B. of the Instructions and Definitions which is contained herein.

INTERROGATORY NO. 10:
Please state all persons and/or entities whose fault may have caused and/or contributed to **Plaintiff(s)'** injuries and damages. As to each such person and/or entity, please state the facts known to you which cause you to believe and/or suspect that such person's and/or entity's fault caused and/or contributed to said injuries and/or damages.

INTERROGATORY NO. 11:
Do you think that any of the defendants contributed, in any way, to the injuries and/or damages of **Plaintiff(s)**? If your answer is yes, please state all facts and/or reasons supporting your belief that the defendants contributed, in any way, to the injuries and/or damages of **Plaintiff(s)**.

INTERROGATORY NO. 12:
Please state all contact information for defendant, **KRUMVIEDE**, including current residence address, current business and/or work address, and phone number(s).

INTERROGATORY NO. 13:
Please state if the vehicle driven by defendant, **KRUMVIEDE**, was equipped with a device or on-board computer that holds Electronically Stored Information ("ESI") including a global positioning device, vehicle onboard radar system, employer tracking system, or any other device that contains data that may be retrieved to indicate the speed, distance, location, elapsed trip time, G force, miles driven, rates of acceleration and braking, or other information relevant to this collision; and, if so, identify the device or computer and the type of data that was recorded or transmitted.

INTERROGATORY NO. 14:
Please identify any and all photographs, video recordings, surveillance tapes, or recordings of any kind, which depict, show, or relate to **Plaintiff(s)**, which you have in your possession or whose existence you know of, including as part of your list, the name, address, and phone number of the custodian of this information.

INTERROGATORY NO. 15:
Please state whether you, your client, or any agent/representative of you or your client have conducted or attempted to conduct any surveillance on **Plaintiff(s)** on or since the date of the collision made the basis of this litigation. This request includes but not limited to any videotapes, audiotapes, photographs, and/or visual surveillance. If the answer is in the affirmative, please list the name, address, and phone numbers of the persons(s) and/or entity(s) conducting or attempting to conduct the surveillance, the date(s) the surveillance was conducted or attempted to be conducted, and the name, address, and phone number of the custodian of this information.

INTERROGATORY NO. 16:
Please state whether or not defendant, **KRUMVIEDE**, was in the course and scope of employment at the time of the subject collision with a vehicle driven by **KEVIN P. LANCASTER** on **January 7, 2021**, for any employer, including for defendant, **TRANS GLOBE**; and if so, please state what task or activity was defendant, **KRUMVIEDE**, performing for **TRANS GLOBE**, at the time of the subject collision as well as provide the name, address, and phone number of the employer of defendant, **KRUMVIEDE**.

INTERROGATORY NO. 17:
Please state if **KRUMVIEDE** was on an errand and/or mission for **TRANS GLOBE**, at the time of the subject collision with a vehicle driven by **KEVIN P. LANCASTER** on **January 7, 2021**, that forms the basis of this lawsuit; if so, please state the purpose of said errand and/or mission as well as the destination and origin of said errand/and/or mission.

INTERROGATORY NO. 18:
Please state whether you claim if Plaintiff has incurred any unnecessary medical treatment or incurred excessive medical expenses; if so, please state what medical treatment you claim was unnecessary and/or identify the cost of medical treatment that you claim was excessive.

**These interrogatories shall be deemed continuing and require further and supplemental answers by you as you obtain additional information after the time of the initial response.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1:
Please attach copies of each statement you have obtained regarding the subject collision, including those listed in your answer to Interrogatory NO. 5 above. If you believe that any responses covered by this request for production are protected by a privilege, please respond in accordance with paragraph B. of the Instructions and Definitions contained herein.

REQUEST FOR PRODUCTION NO. 2:
Please attach copies of each exhibit which you will attempt or may attempt to introduce as evidence at the trial of this case, or which has been used or referred to by an expert witness on your behalf, including those listed in your answer to Interrogatory NOS. 6 and 8 above. If you believe that any responses covered by this request for production are protected by a privilege, please respond in accordance with paragraph B. of the Instructions and Definitions contained herein.

REQUEST FOR PRODUCTION NO. 3:
Please produce a copy of any and all films, videos, photographs, diagrams, drawings, or other representations of the area where the vehicular collision occurred which is the subject of this lawsuit, all as more particularly described in the Petition for Damages filed herein. If you believe that any responses covered by this request for production are protected by a privilege, please respond in accordance with paragraph B. of the Instructions and Definitions contained herein.

REQUEST FOR PRODUCTION NO. 4:
Please produce all communications and/or correspondence that have been created, generated, sent, and/or received by you and/or an agent of you, and/or any third party which concern and/or relate to the facts of this suit and/or the handling of **Plaintiff(s)'** claims. If you believe that any responses covered by this request for production are protected by a privilege, please respond in accordance with paragraph B. of the Instructions and Definitions contained herein.

REQUEST FOR PRODUCTION NO. 5:
Please produce any and all incident reports of, concerning, and/or related to the vehicular collision, which is the subject of this lawsuit, all as more particularly described in the Petition for Damages filed herein.

REQUEST FOR PRODUCTION NO. 6:
Please produce any and all pictures and/or recordings, whether video and/or audio, of the vehicular collision that occurred which is the subject of this lawsuit, all as more particularly described in the Petition for Damages filed herein. Also, please produce any and all statements of **Plaintiff(s)** concerning the vehicular collision. If you believe that any responses covered by this request for production are protected by a privilege, please respond in accordance with paragraph B. of the Instructions and Definitions contained herein.

REQUEST FOR PRODUCTION NO. 7:
Please produce a certified copy of any and all liability and/or umbrella policies (including declarations page) of insurance issued to, by, or in favor of your insured driver and the vehicle operated by your insured driver, whether it be personal, business, or commercial liability insurer, providing primary, excess, uninsured/underinsured motorist, or umbrella coverage, or certificate of self-insurance, insuring or arguably insuring any **Plaintiff(s)** herein and/or any defendant for damages arising from the collision as more particularly described in the Petition for Damages filed herein, which were in full force and effect on the date of the collision sued upon herein.

REQUEST FOR PRODUCTION NO. 8:
Please produce any and all documents which explain, describe, and/or state the relationship between you and those persons and/or entities that are listed in response to Interrogatory NO. 9, above. If you believe that any responses covered by this request for production are protected by a privilege, please respond in accordance with paragraph B. of the Instructions and Definitions contained herein.

REQUEST FOR PRODUCTION NO. 9:
Please produce any and all correspondence between you and any third party concerning the collision which is the subject of this lawsuit, all as more particularly described in the Petition for Damages filed herein.

REQUEST FOR PRODUCTION NO. 10:
Please identify and produce any and all photographs, video recordings, surveillance tapes, or recordings of any kind, which depict, show, or relate to any **Plaintiff(s)**, which you have in your possession or whose existence you know of including as part of your list, the name, address, and phone number of the custodian of this information.

REQUEST FOR PRODUCTION NO. 11:
Please produce any and all records from any device or on-board computer installed on the vehicle driven by Defendant, **KRUMVIEDE**, that holds Electronically Stored Information ("ESI") including a global positioning device, vehicle onboard radar system, employer tracking system, or any other device that contains data that may be retrieved to indicate the speed, distance, location, elapsed trip time, G force, miles driven, rates of acceleration and braking, or other information relevant to the subject collision of **January 7, 2021.**

REQUEST FOR PRODUCTION NO. 12:
Please produce any and all documents establishing driver safety programs or policies related to the operation of vehicles for Defendant, **TRANS GLOBE.**

REQUEST FOR PRODUCTION NO. 13:
As to the Defendant, **KRUMVIEDE**, produce the following documents and items:
- A. Employment file:
- B. Personnel file;
- C. Record of required driving test;
- D. Record of required written test;
- E. Driver's Qualification File;
- F. Driving Records;
- G. Payroll records;
- H. Log books for the date of the subject collision on or around **January 7, 2021;**
- I. Incident or accident report submitted by Defendant, **KRUMVIEDE**, to Defendant, **TRANS GLOBE**, regarding the subject collision on or around **January 7, 2021;**
- J. Investigative reports or review of the subject collision on or around **January 7, 2021;**
- K. Disciplinary actions, including those actions that relate to the subject collision on or around **January 7, 2021;** and
- L. Records of all prior motor vehicle accidents.

REQUEST FOR PRODUCTION NO. 14:
Please provide all documents, emails and faxes from any meetings or discussions Defendant, **KRUMVIEDE**, attended and/or participated in that pertain to the collision which is the basis of this litigation.

REQUEST FOR PRODUCTION NO. 15:
Please provide all documents, emails, and faxes from any meeting or discussions conducted by and/or participated in by Defendant, **KRUMVIEDE**, or its agents, associates, affiliates or subsidiaries which pertain to the collision which is the basis of this litigation.

REQUEST FOR PRODUCTION NO. 16:
Please provide results of all blood, urine, hair or any other test for intoxicating or other illicit substances which Defendant, **KRUMVIEDE**, provided in connection with the collision which is the basis of this litigation.

REQUEST FOR PRODUCTION NO. 17:
Please produce all repair invoices, estimates, valuations, etc., regarding the vehicles involved in the subject collision.

REQUEST FOR PRODUCTION NO. 18:

Please produce any and all documents related to advances, tenders, settlements or any other payment made to any **Plaintiff**, by any Defendant relative to the subject collision which is the subject of this lawsuit, including payments to repair the property damage arising from the collision.

REQUEST FOR PRODUCTION NO. 19:

Please produce any and all documents that supports your claims that **Plaintiff(s)** has incurred unnecessary medical treatment or incurred excessive medical expenses.

REQUEST FOR PRODUCTION NO. 20:

Please produce a copy of all reports prepared by expert witness as well as any document used or referred to by the expert in the report, a copy of the expert's curriculum vitae, a copy of all payments made to each expert, and a schedule of fees to be paid to each expert regarding this matter.

REQUEST FOR PRODUCTION NO. 21:

Produce copies of any document received by Defendants pursuant to subpoena, authorization, or otherwise, pertaining to **Plaintiff(s)'** case. **PLEASE NOTE THAT THERE DUTY TO SUPPLEMENT THESE RESPONSES AND THIS DUTY IS CONTINUING**.

**These requests for production shall be deemed continuing and require further and supplemental answers by you as you obtain additional information after the time of the initial response.**

Respectfully submitted,

_____
Stephen M. Alexander (LSBA #29066)
**ALEXANDER LAW GROUP, LLC**
8550 United Plaza Boulevard, Suite 702
Baton Rouge, LA 70809
P.O. Box 41860
Baton Rouge, LA 70835
225-922-4488 (Office)
888-670-7025 (Fax)
225-229-4512 (Mobile)
E-mail: stephen@alexander.com

**AND**

_____
Charles S. Lambert, Jr. (LSBA# 21685)
**LAW OFFICES OF CHARLES S. LAMBERT, JR., LLC**
10537 Kentshire Court, Suite A
Baton Rouge, Louisiana 70810
Phone: (225) 367-1073
Fax: (225) 304-5732
Mobile: (225) 405-0660
E-mail: chip@grandlawfirm.com

**ATTORNEYS FOR PLAINTIFF, KEVIN P. LANCASTER**

# SERVICE INSTRUCTIONS

**PLEASE SERVE THIS DISCOVERY <u>WITH</u> THE CITATION AND SERVICE OF THE PETITION FOR DAMAGES FOR DAMAGES TO THE FOLLOWING DEFENDANT(S):**

1.    **SENTRY SELECT INSURANCE COMPANY**
      Through its agent for service of process:
            Honorable Kyle Ardoin
            Louisiana Secretary Of State
            8585 Archives Avenue
            Baton Rouge, LA 70809
            **East Baton Rouge Parish**


**THE DISCOVERY WILL BE SERVED <u>WITH</u> THE CITATION AND SERVICE OF THE PETITION FOR DAMAGES FOR DAMAGES ON THE FOLLOWING DEFENDANT(S) IN ACCORDANCE WITH THE <u>LOUISIANA LONG ARM STATUTE</u>, LA. R.S. 13:3201, *ET SEQ.*, AS SET FORTH BELOW:**

2.    **RONALD D. KRUMVIEDE**
      306 S. Prospect Street
      Maquoketa, IA 52060

3.    **TRANS GLOBE LOGISTICS AMERICA, INC.**
      Through its agent for service of process:
            Brian N. Lewandowski
            Lewandowski & Associates
            721 Center Road
            West Seneca, NY 14224

KEVIN P. LANCASTER

VERSUS

RONALD D. KRUMVIEDE, TRANS GLOBE
LOGISTICS AMERICA, INC., and SENTRY
SELECT INSURANCE COMPANY

NUMBER          DIVISION

21ST JUDICIAL DISTRICT COURT

TANGIPAHOA PARISH

STATE OF LOUISIANA

## REQUEST FOR TEN DAYS NOTICE

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff herein, **KEVIN P.**

**LANCASTER**, who respectfully requests that Plaintiff be given at least ten (10) days written

notice in advance of any setting in the above captioned matter, whether same be for trial, hearing,

*etc.*, in accordance with the provisions of Louisiana Code of Civil Procedure Article 1572.

Plaintiff further requests notice of any judgment in accordance with the provisions of

Louisiana Code of Civil Procedure Articles 1913 and 1914.

Respectfully submitted,

_____
Stephen M. Alexander (LSBA #29066)
**ALEXANDER LAW GROUP, LLC**
8550 United Plaza Boulevard, Suite 702
Baton Rouge, LA 70809
P.O. Box 41860
Baton Rouge, LA  70835
225-922-4488 (Office)
888-670-7025 (Fax)
225-229-4512 (Mobile)
E-mail: stephen@alexander.com

**AND**

_____
Charles S. Lambert, Jr. (LSBA # 21685)
**LAW OFFICES OF CHARLES S. LAMBERT, JR., LLC**
10537 Kentshire Court, Suite A
Baton Rouge, Louisiana 70810
Phone: (225) 367-1073
Fax: (225) 304-5732
Mobile: (225) 405-0660
E-mail: chip@grandlawfirm.com

**ATTORNEYS FOR PLAINTIFF, KEVIN P. LANCASTER**

# LAW OFFICES OF CHARLES S. LAMBERT, JR., LLC

10537 Kentshire Court, Suite A
Baton Rouge, Louisiana 70810
Tel: (225) 367-1073  Fax: (225) 304-5732
Chip@grandlawfirm.com

Charles S. Lambert, Jr.
Licensed in LA, TX, and MS

January 3, 2022

Honorable Gary Stanga
Clerk of Court, Tangipahoa Parish
P.O. Box 667
Amite, LA 70422

RE:     *Kevin P. Lancaster v. Ronald D. Krumviede, Trans Globe Logistics America, Inc.,
        and Sentry Select Insurance Company*, Number 2021-3521, Division B, 21st
        Judicial District Court, Tangipahoa Parish, State of Louisiana

Dear Clerk,

Please file the attached original of the Petition For Damages and Jury Demand, Plaintiff's Requests
for Admission, Interrogatories and Requests For Production to Defendants, & Request for Ten
Days Notice on behalf of Plaintiff, Kevin P. Lancaster, into the record of the above-cited matter;
these pleadings were **previously fax filed on December 29, 2021**, in accordance with La. R.S.
13:850.  Pursuant to the attached fax confirmation of the filing, please find enclosed checks for
$425.00 to the Clerk of Court, $50.00 to the Secretary of State, and $39.36 to the EBRSO.  I have
also provided one copy of the pleadings; please stamp and return this copy of the pleadings to me
in the enclosed self-addressed, postage pre-paid envelope.

Also, please note that two Defendants will be served by the La. Long Arm Service Statute, La.
R.S. 13:3201, *et seq.*  Accordingly, please prepare a Long Arm Service of the Citation, Petition,
Discovery and Request for Notice for these two Defendants and return to me, as follows:

1.      Ronald D. Krumviede, 306 S. Prospect Street, Maquoketa, IA 52060

2.      Trans Globe Logistics America, Inc., through its agent for service of process: Brian
        N. Lewandowski, Lewandowski & Associates, 721 Center Road, West Seneca, NY
        14224

If you need any additional information to facilitate this request, please call me at (225) 405-0660.
Thank you.

Sincerely,

Charles S. Lambert, Jr.

CC:     Stephen M. Alexander via email: stephen@alexander.com

## FAX FILING CONFIRMATION

KEVIN P LANCASTER

VS

RONALD D KRUMVIEDE



CLERK OF COURT

DOCKET NUMBER: C-20210003521
Division: B
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

*DECEMBER 30, 2021*

Attn: STEPHEN M ALEXANDER
Fax Number: 888-670-7025

We have received your fax filing on 12/29/2021 of the following pleadings:

| | |
|---|---|
| 1003-PETITION-DAMAGES | 6 PAGES |
| 5134-REQUEST FOR ADMISSION | 8 PAGES |
| 5013-REQUEST FOR NOTICE | 1 PAGE |
| 59-COVER LETTER | 1 PAGE |

Cost of filing said document will be $425.00.

Within 7 days, exclusive of legal holidays, of the above mentioned receipt date you are required to forward the following:
a.    Original signed document
b.    Applicable filing fee
c.    Transmission fee of $5.00 (included in above filing fee)
d.    If exhibits are to accompany the original pleading(s) mentioned above, please add $2.00/ page to the above fee.
If you fail to comply with the requirements above the fax filing shall have no force or effect (R.S. 13:850)

NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

SERVICES/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).

IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENT(S) IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

Please remit additional separate check(s) made payable to and in the amount requested below:

Please send an additional check for the Sheriff of EAST BATON ROUGE PARISH  in the amount of $39.36    along for service.

Please send an additional check for the SECRETARY OF STATE in the amount of  $50.00    along for service.

Please send an additional check for the Secretary of State in the amount of     along for service.

*Marsha Casanova*
Deputy Clerk of Court for
*GARY STANGA*, Clerk of Court

# CIVIL E-FILING IS AVAILABLE
## VISIT WWW.CLERKCONNECT.COM

## CITATION



D89953

KEVIN P LANCASTER

VS

RONALD D KRUMVIEDE



**CLERK OF COURT**

DOCKET NUMBER: C-20210003521
*Division:* B
*21ˢᵗ Judicial District Court*
*Parish of Tangipahoa*
*State of Louisiana*

To:   *SENTRY SELECT INSURANCE COMPANY*
      THRU SECRETARY OF STATE
      8585 ARCHIVES AVE
      BATON ROUGE, LA
      70809                                          *Parish of EAST BATON ROUGE*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within twenty one (21) days after the service hereof, under penalty of default.*

*This service was requested by* ALEXANDER, STEPHEN M *and was issued by the Clerk of Court on* JANUARY 5, 2022.

<u>*Pleading Served*</u>
*PETITION FOR DAMAGES AND JURY DEMAND*

Deputy Clerk of Court for
*GARY STANGA,* Clerk of Court

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, *a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:**_____

Returned:
Parish of _____ this _____ day of _____, 20_____

Service   $_____

Mileage   $_____            By: _____
                                    *Deputy Sheriff*

Total     $_____

I made service on the named party through the Office of the Secretary of State on

**JAN 1 3 2022**

by tendering a copy of this document to:
**JULIE NESBITT**

DY. M. LOCKWOOD #0803
Deputy Clerk, Parish of East Baton Rouge, LA

**ORIGINAL**

SCANNED

VERIFIED

PREPAID

**ELECTRONICALLY**
**FILED**

| | | |
|---|---|---|
| KEVIN P. LANCASTER | * | 21ST JUDICIAL DISTRICT COURT |
| VERSUS | * | DOCKET NO. 2021-3521, DIV. B |
| RONALD D. KRUMVIEDE, TRANS GLOBE LOGISTICS AMERICA, INC., and SENTRY SELECT INSURANCE COMPANY | * | PARISH OF TANGIPAHOA |
| | * | STATE OF LOUISIANA |

***************************************************************************************

## ANSWER

NOW INTO COURT, through undersigned counsel, come **Ronald D. Krumviede, Trans Globe Logistics America Inc. and Sentry Select Insurance Company,** Defendants herein, who Answer the Petition for Damages of **Kevin P. Lancaster** as follows:

1.

On information and belief, the allegations of Article 1 are admitted.

2.

While at all times denying liability and/or fault, the allegations of Article 1 are admitted insofar as they pertain to the names, domiciles, and citizenships of the named defendants.

3.

While at all times denying liability and/or fault, these defendants admit only that the incident sued upon occurred in Tangipahoa Parish, Louisiana. Venue has not been excepted to. Any remaining allegations of Article 3 are denied for lack of sufficient information to justify a belief therein.

4.

For Answer to Article 4, these Defendants admit that, on January 7, 2021, contact occurred between the vehicles being driven by Mr. Lancaster and Mr. Krumviede while both vehicles were travelling on U.S. Highway 190W in Hammond, Tangipahoa Parish, Louisiana. The remaining language of Article 4 is either denied or denied for lack of sufficient information to justify a belief therein. These defendants further aver that the language of Article 4 sets forth information which, even if true, would be inadmissible into evidence.

5.

**VERIFIED**

Each of the allegations of Article 5 is denied.

6.

Denied.

7.

The allegations of Article 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Article 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Article 9 are denied for lack of sufficient information to justify a belief therein.

10.

While denying liability and/or fault of any kind or character, it is admitted that Mr. Krumviede was an employee of Trans Globe and that he was acting within the course and scope of his employment at the time of the incident sued upon. Any remaining allegations of Article 10 are denied for lack of sufficient information to justify a belief therein.

11.

It is admitted that Sentry Select Insurance Company issued a policy of insurance in favor of Trans Global, under which coverage is afforded to Mr. Krumviede. These defendants further aver that any policy of insurance issued herein by Sentry Select Insurance Company, being a written instrument and binding contract, is the best evidence of its own contents. Said insurance policy, with each and all of its exceptions, exclusions, denials, defenses, definitions, and limitations, is pled herein as if copied "*in extenso*". Any remaining allegations of Article 11 are denied.

12.

These Defendants reiterate that Sentry Select Insurance Company issued a policy of insurance in favor of Trans Global, under which coverage is afforded to Mr. Krumviede. These defendants further aver that any policy of insurance issued herein by Sentry Select Insurance Company, being a written instrument and binding contract, is the best evidence of its own contents. Said insurance policy, with each and all of its

exceptions, exclusions, denials, defenses, definitions, and limitations, is pled herein as if

copied "*in extenso*". Any remaining allegations of Article 12 are denied.

13.

These Defendants, including Sentry Select Insurance Company, reiterate their

denial of fault or liability of any kind or character.

14.

It is further averred that the language of Article 14 is in the nature of a discovery

request rather than a suit allegation and that same need not be Answered.  In the

alternative, any actual allegations of fact are denied.

15.

To the extent that the language of Article 15 contains allegations of fact that

require Answer on behalf of these defendants, same are denied.

16.

**Ronald D. Krumviede, Trans Globe Logistics America Inc. and Sentry**

**Select Insurance Company** are entitled to and pray for trial by jury on all issues herein.

AND NOW, further Answering, Defendants **Ronald D. Krumviede, Trans Globe**

**Logistics America Inc. and Sentry Select Insurance Company** assert affirmative

defenses as follows:

17.

These defendants aver that subject accident was caused by the fault of Mr.

Lancaster in failing to maintain control of his vehicle; failing to keep a proper lookout;

failing to avoid the accident; travelling at an excessive or otherwise unsafe rate of

speed; and for other acts or omissions to be determined upon proper discovery and

litigation of this case.  These defendants accordingly assert the defense of comparative

negligence/comparative fault and pray that any recovery herein by or on behalf of Mr.

Lancaster be either barred, or alternatively reduced, in proportion to his degree of fault.

18.

These Defendants further aver that to the extent that any of the Plaintiff's medical

expenses or other damages have been or will be paid by a third party in whose favor a

right of subrogation exists, including but not limited to any medical payments coverage,

collision or other property damage coverage, health insurance coverage, worker's

compensation coverage, occupational accident coverage, payments by Medicaid,

payments by Medicare, or any other third party payments, that the Plaintiffs are without

a right of action to recover those previously-paid damages from the Defendants herein.

These Defendants further aver that any obligation to pay said expenses has been

extinguished.

19.

These Defendants aver that the injuries and damages complained of herein were

not caused by the incident sued upon but are, instead, either in whole or in part, the

result of pre-existing medical conditions and/or otherwise attributable to factors for

which these Defendants are not legally responsible.

20.

These defendants further aver that to the extent that any subsequent accident

and/or incident and/or trauma and/or any other factor independent of the subject

accident has caused an aggravation and/or exacerbation and/or worsening of Plaintiff's

conditions, that said event is hereby pled as the defense of superseding and/or

intervening cause of injury.

21.

These Defendants aver that the accident sued upon did not involve sufficient

force to have caused the injuries complained of and/or was otherwise not the cause of

the damages complained of herein.

22.

These Defendants further assert the defense of failure to mitigate damages.

23.

Defendants **Ronald D. Krumviede, Trans Globe Logistics America Inc. and

Sentry Select Insurance Company** reserve all rights to assert additional affirmative

defenses and/or incidental demands as investigation and discovery proceed.

WHEREFORE, premises considered **Ronald D. Krumviede, Trans Globe

Logistics America Inc. and Sentry Select Insurance Company** pray that their

Answer to the Petition of **Kevin P. Lancaster** be deemed good and sufficient and that

after due proceedings are had that there be judgment herein and in their favor

dismissing all demands of plaintiff, **Kevin P. Lancaster**, with prejudice, and at the cost and expense of plaintiff herein.

**Ronald D. Krumviede, Trans Globe Logistics America Inc. and Sentry Select Insurance Company** are entitled to and pray for trial by jury on all issues herein.

AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC.

Respectfully submitted,

RABALAIS & HEBERT, LLC

BY: _____
**STEVEN B. RABALAIS (#17100)**
**BLAKE T. COUVILLION (#37443)**
**MELVIN A. EIDEN (#19557)**
701 Robley Drive, Suite 210
Lafayette, LA 70503
Telephone: (337) 981-0309
Fax: (337) 981-0905
Email:   srabalais@rhhnet.com
         blake@rhhnet.com
         meiden@rhhnet.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has this day been forwarded to counsel of record via electronic mail, facsimile, and/or by placing a copy of same in the United States Mail, postage prepaid and properly addressed.

Lafayette, Louisiana, this 17th day of February 2022.

_____
STEVEN B. RABALAIS

| | | |
|---|---|---|
| KEVIN P. LANCASTER | * | 21ST JUDICIAL DISTRICT COURT |
| VERSUS | * | DOCKET NO. 2021-3521, DIV. B |
| RONALD D. KRUMVIEDE, TRANS GLOBE LOGISTICS AMERICA, INC., and SENTRY SELECT INSURANCE COMPANY | * | PARISH OF TANGIPAHOA |
| | * | STATE OF LOUISIANA |

**************************************************************************************

### REQUEST FOR NOTICE OF TRIAL DATE, ETC.

TO THE CLERK OF COURT for the 21st Judicial District Court, Parish of Tangipahoa, Louisiana:

Please take notice that RABALAIS & HEBERT, LLC, attorneys for **Ronald D. Krumviede, Trans Globe Logistics America Inc. and Sentry Select Insurance Company** do hereby request written notice of the date of trial of the above matter as well as notice of hearings (whether on the merits or otherwise), orders, judgments and interlocutory decrees, and any and all formal steps taken by the parties herein, the Judge or any member of Court, as provided in Louisiana Code of Civil Procedure, particularly Articles 1572, 1913 and 1914.

Respectfully submitted,

RABALAIS & HEBERT, LLC

BY: _____
STEVEN B. RABALAIS (#17100)
BLAKE T. COUVILLION (#37443)
MELVIN A. EIDEN (#19557)
701 Robley Drive, Suite 210
Lafayette, LA 70503
Telephone: (337) 981-0309
Fax: (337) 981-0905
Email:  srabalais@rhhnet.com
        blake@rhhnet.com
        meiden@rhhnet.com

# VERIFIED

| KEVIN P. LANCASTER | * | 21ST JUDICIAL DISTRICT COURT |
|---|---|---|
| VERSUS | * | DOCKET NO. 2021-3521, DIV. B |
| RONALD D. KRUMVIEDE, TRANS GLOBE LOGISTICS AMERICA, INC., and SENTRY SELECT INSURANCE COMPANY | * | PARISH OF TANGIPAHOA |
|  | * | STATE OF LOUISIANA |

*************************************************************************************

## ORDER GRANTING TRIAL BY JURY

Considering the jury demand of **Ronald D. Krumviede, Trans Globe Logistics America Inc. and Sentry Select Insurance Company:**

IT IS ORDERED that this matter be tried BY JURY, upon the posting of bond in the amount of _____, with good and sufficient surety, _____ days prior to trial.

Signed in _____ this _____ day of _____, 2022.

_____
DISTRICT JUDGE

**VERIFIED**

2/17/2022 14:40:15 CST                    Page: 1/8                    From: Rabalais & Hebert

# RABALAIS & HEBERT

*A Limited Liability Company*
Attorneys and Counselors at Law

701 Robley Drive, Suite 210
Lafayette, Louisiana 70503
www.rabalaishebert.com

STEVEN B. RABALAIS
CHRISTOPHER H. HEBERT
BLAKE T. COUVILLION

Of Counsel:
FRED W. DAVIS
MELVIN A. EIDEN

Telephone (337) 981-0309
FAX (337) 981-0905
Writer's E-mail srabalais@rbhnet.com

February 17, 2022

**FACSIMILE: (985) 748-6746**
53
Tangipahoa Parish Clerk of Court
Attn:  Civil Dept.
P.O. Box 667
Amite, LA 70422

Re:   Kevin P. Lancaster v. Ronald D. Krumviede, et al
      Docket No. C-2021-3521, Div. B

Dear Clerk:

Enclosed please find an Answer, Request for Notice of Trial Date, etc. and Order Granting Trial by Jury on behalf of Ronald D. Krumviede, Trans Globe Logistics America Inc. and Sentry Select Insurance Company, to be filed into the record of the above referenced matter. Please present the Order to the appropriate Judge for his/her consideration and signature. Once signed, please provide counsel with a conformed copy.

We are submitting this filing via facsimile.  Please respond with filing costs, and the original, along with our firm's check, will be forwarded via U.S. mail.

By copy of this correspondence, same has been forwarded to all known counsel of record.

Thank you for your courtesies regarding this matter.

Sincerely,

STEVEN B. RABALAIS

**VERIFIED**

SBR/slw
Enclosures

cc:   Mr. Stephen Alexander *(via email: stephen@alexander.com)*
      Mr. Charles Lambert, Jr. *(via email: chip@grandlawfirm.com)*

02/17/2022 THU 14:46  [JOB NO. 9736]  001

# Uniti Fiber Fax Service
## FAX **DELIVERY** NOTIFICATION

Account: FB9857486746
2/18/2022 8:06:04 AM

The following fax was **successfully** sent to the specified recipient.

**Fax Number:**    **13379810905**
Remote CSID:    (station ID of receiving fax device)
Pages:          1
Status:         No errors

## FAX TRANSMISSION DETAILS

Sent On:     2/18/2022 8:07:01 AM
Duration:    60 seconds
Speed:       14400 bps
Retries:     0
Event ID:    b59186ff-affb-4176-b5b6-f597ae1456f2





VERIFIED

## FAX FILING CONFIRMATION

KEVIN P LANCASTER

VS

RONALD D KRUMVIEDE



**CLERK OF COURT**
*TANGIPAHOA PARISH*
*GARY STANGA*

DOCKET NUMBER: C-
20210003521
*Division:* **B**
*21st Judicial District Court*
*Parish of Tangipahoa*
*State of Louisiana*

---

*FEBRUARY 18, 2022*

*Attn: STEVEN RABALAIS*
*Fax Number: 337-981-0905*

*We have received your fax filing on 2/17/2022of the following pleadings:*

| | |
|---|---|
| 3000-ANSWER | 5 PAGES |
| 5013-REQUEST FOR NOTICE | 1 PAGE |
| 4001-ORDER | 1 PAGE |
| 59-COVER LETTER | 1 PAGE |

*Cost of filing said document will be **$125.00.***

*Within 7 days, exclusive of legal holidays, of the above mentioned receipt date you are required to forward the following:*
*a.     Original signed document*
*b.     Applicable filing fee*
*c.     Transmission fee of $5.00 (included in above filing fee)*
*d.     If exhibits are to accompany the original pleading(s) mentioned above, please add $2.00/ page to the above fee.*
*If you fail to comply with the requirements above the fax filing shall have no force or effect (R.S. 13:850)*

*NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.*

*SERVICES/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S)*

*IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENT(S) IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.*

*Please remit additional separate check(s) made payable to and in the amount requested below:*

*Please send an additional check for the Sheriff of     in the amount of     along for service.*

*Please send an additional check for the Sheriff of     in the amount of     along for service.*

*Please send an additional check for the Secretary of State in the amount of     along for service.*

Deputy Clerk of Court for
*GARY STANGA,* Clerk of Court

# CIVIL E-FILING IS AVAILABLE
# VISIT WWW.CLERKCONNECT.COM

ELECTRONICALLY
FILED

KEVIN P. LANCASTER                    *        21ST JUDICIAL DISTRICT COURT

VERSUS                                *        DOCKET NO. 2021-3521, DIV. B

RONALD D. KRUMVIEDE, TRANS
GLOBE LOGISTICS AMERICA, INC.,        *        PARISH OF TANGIPAHOA
and SENTRY SELECT INSURANCE
COMPANY                               *        STATE OF LOUISIANA

*************************************************************************************

### NOTICE OF PRODUCTION OF RECORDS DEPOSITION ONLY

*************************************************************************************

TO:     Mr. Stephen M. Alexander
        Alexander Law Group, LLC
        P.O. Box 41860
        Baton Rouge, LA  70835

PLEASE TAKE NOTICE that the parties represented by the undersigned will take

the oral deposition of the below-listed individuals at the times and places noted opposite

their name:

| NAME | LOCATION | DATE/TIME |
|------|----------|-----------|
| Hammond Police Department | 701 Robley Dr., Suite 210 Lafayette, LA  70503 | March 25, 2022 10:00 a.m. |

Defendant will require the Hammond Police Department to produce:

**A certified** copy of any and all records/reports of the traffic crash which occurred on **January 7, 2021, between Ronald Krumviede and Kevin Lancaster,** including but not limited to any and all notes, diagrams, drawings, audio and/or video recordings (dash- and/or body-cam videos), photographs and written or recorded statements obtained in connection with the investigation of same.

**NOTE:  UNLESS WE ADVISE DIFFERENTLY, ORAL TESTIMONY IS NEITHER REQUIRED NOR EXPECTED.  CERTIFIED RECORDS SHOULD BE PROVIDED TO Steven B. Rabalais at 701 Robley Drive, Suite 210, Lafayette, Louisiana 70503, BEFORE March 25, 2022.**

before an officer authorized to administer oaths and that said deposition(s) will be taken

for all purposes and as authorized by the Louisiana Rules of Civil Procedure. The oral

examination(s) will continue from day to day until completed and you are invited to

attend and exercise such rights to which you are entitled under the law.

Respectfully submitted:

**RABALAIS & HEBERT, LLC**

BY:  _____
        STEVEN B. RABALAIS (#17100)
        701 Robley Drive, Suite 210
        Lafayette, LA.  70503
        PH: (337) 981-0309

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has this day been served on all parties, through their counsel, by depositing copies of the same in the United States mail, postage prepaid and properly addressed to said attorneys.

Lafayette, Louisiana this ___21st___ day of February 2022.

_____
STEVEN B. RABALAIS

# RABALAIS & HEBERT

*A Limited Liability Company*
Attorneys and Counselors at Law

701 Robley Drive, Suite 210
Lafayette, Louisiana 70503
www.rabalaishebert.com

STEVEN B. RABALAIS
CHRISTOPHER H. HEBERT
BLAKE T. COUVILLION

Of Counsel:
FRED W. DAVIS
MELVIN A. EIDEN

Telephone (337) 981-0309
FAX (337) 981-0905
Writer's E-mail stephanie@rhhnet.com

February 21, 2022

53
Tangipahoa Parish Clerk of Court
Attn:  Civil Dept.
P.O. Box 667
Amite, LA 70422

     Re:   <u>Kevin P. Lancaster v. Ronald D. Krumviede, et al</u>
           Docket No. C-2021-3521, Div. B

Dear Clerk:

    Enclosed please find a Notice of Production of Records Deposition to be filed into the record of the above referenced matter.  In connection with the records depositions, please issue a subpoena duces tecum to the following:

**SUBPOENA DUCES TECUM**
Hammond Police Department
Attn:  Traffic Records
120 S. Oak Street
Hammond, LA 70401

**Please produce:**
**A certified** copy of any and all records/reports of the traffic crash which occurred on **January 7, 2021, between Ronald Krumviede and Kevin Lancaster,** including but not limited to any and all notes, diagrams, drawings, audio and/or video recordings (dash- and/or body-cam videos), photographs and statements obtained in connection with the investigation of same.

**NOTE:  UNLESS WE ADVISE DIFFERENTLY, ORAL TESTIMONY IS NEITHER REQUIRED NOR EXPECTED.  <u>CERTIFIED</u> RECORDS SHOULD BE PROVIDED TO Steven B. Rabalais at 701 Robley Drive, Suite 210, Lafayette, Louisiana 70503, BEFORE March 25, 2022.**

Clerk of Court
February 21, 2022
Page 2

Per your office's instruction, we have enclosed our firm's checks in the amount of $65.00 representing payment for issuance of this subpoena, and in the amount of $51.60 to the Tangipahoa Parish Sheriff's Office for service of same.

By copy of this correspondence, same has been forwarded to counsel of record.

Thank you for your courtesies regarding this matter. Should you have any questions or need additional information, please do not hesitate to contact my assistant, Stephanie, at 337-981-0309, Ext. 119.

Sincerely,

STEVEN B. RABALAIS

SBR/slw
Enclosures

cc:  Mr. Stephen Alexander *(via email: stephen@alexander.com)*
     Mr. Charles Lambert, Jr. *(via email: chip@grandlawfirm.com)*

02/18/2022 FRI  9:21  FAX 985 748 6746 TPCOC CIVIL DEPT                    ☒001/001

---

## FAX FILING CONFIRMATION

KEVIN P LANCASTER

VS

RONALD D KRUMVIEDE


**CLERK OF COURT**

DOCKET NUMBER: C-
20210003521
Division: B
21ˢᵗ Judicial District Court
Parish of Tangipahoa
State of Louisiana

---

*FEBRUARY 18, 2022*

*Attn: STEVEN RABALAIS*
*Fax Number: 337-981-0905*

*We have received your fax filing on 2/17/2022 of the following pleadings:*

3000-ANSWER                    5 PAGES
5013-REQUEST FOR NOTICE                 1 PAGE
4001-ORDER                     1 PAGE
59-COVER LETTER                    1 PAGE

*Cost of filing said document will be $125.00.*

*Within 7 days, exclusive of legal holidays, of the above mentioned receipt date you are required to forward the following:*
a.    Original signed document
b.    Applicable filing fee
c.    Transmission fee of $5.00 (included in above filing fee)
d.    If exhibits are to accompany the original pleading(s) mentioned above, please add $2.00/ page to the above fee.
*If you fail to comply with the requirements above the fax filing shall have no force or effect (R.S. 13:850)*

*NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.*

*SERVICES/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).*

*IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENT(S) IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.*

*Please remit additional separate check(s) made payable to and in the amount requested below:*

*Please send an additional check for the Sheriff of     in the amount of     along for service.*

*Please send an additional check for the Sheriff of     in the amount of     along for service.*

*Please send an additional check for the Secretary of State in the amount of     along for service.*

Subpoena { $65- Clerk
$51.60 TPSO

Deputy Clerk of Court for
*GARY STANGA,* Clerk of Court

# CIVIL E-FILING IS AVAILABLE
## VISIT WWW.CLERKCONNECT.COM